## SUPREME COURT.

In the matter of the application of TERESA VIELE, for the custody of certain children by her marriage with EGBERT L. VIELE.

When children are in the custody of their father, and are brought by him into court, in obedience to a writ of *habeas corpus*, sued out by the mother, he thereby surrenders them to the custody of the court as *parens patriæ*, pending the litigation. And when the father and mother thereafter stipulate and consent that the writ be dismissed, it is proper that the order of the court entered upon that consent should not only direct that the writ be dismissed, but should dispense with the longer attendance of the children in court, by remanding them to the custody of the father, with whom the court found them, and also is *prima facie* entitled to them, although a neglect to add such an express provision to the order of dismissal of the writ is not *necessary* for the purpose of rehabilitating the respondent with parental authority, when the relator abandons the attempt to change the custody of the children to herself.

If the mother afterwards improperly obtains possession of one of the children, and flees with it to a foreign country, she thereby renounces her right of applying to the court for any relief in the premises.

*New York Special Term, at chambers, October 2, 1872.*

MOTION by the relator to strike out a portion of the order entered herein on the 22d of March, 1872. The order is in these words: " Before reading and filing the annexed consent, and on motion of E. S. Caldwell, attorney for the respondent, Egbert L. Viele, it is ordered that the writ of *habeas corpus*, granted herein by the Hon. DANIEL P. INGRAHAM, on the 28th day of September, 1870, be and the same is hereby dismissed. And it is further ordered that the children named in the said writ, viz: Kathalyne, Herman, Teresa, Egbert L., Jr., and Emily Viele, are and each of them is hereby remanded to the custody of their father, Egbert L. Viele, the respondent."

The consent referred to is in these words: " We hereby

consent that the above entitled matter be discontinued, and that the writ herein be dismissed, and that an order to that effect be entered herein," which was signed by the attorneys for the parties respectively.

The court was now applied to, to strike out all that part of the order following the word "dismissed," upon the ground that it was inserted without authority, and irregularly. The affidavit used in opposing the motion alleged, among other things, that the relator had, a short time before making this motion, violently abducted one of the children from the father's house, in this state, and had fled with it to Europe, whither she had already improperly taken another of them, who had been allowed by the father to remain with her until it should be old enough to elect with which of the parents to reside permanently.

WILLIAM FULLERTON, for the motion.
BURTON N. HARRISON, in opposition.

By the court, LEONARD, J.—Mrs. Viele obtained a writ of habeas corpus, requiring her husband to produce their children in court, claiming the custody of them. Pursuant to the writ, the children were produced, and much testimony was taken, bearing upon the question of their custody. The parties finally agreed to dismiss the proceedings so instituted, and a consent to that effect was signed by their attorneys. An order was presented to one of the justices of the supreme court, in the city of New York, where the said proceeding was pending, reciting the said consent, and directing not only that the proceeding should be dismissed, but also containing an additional provision, not contained in the said consent, further directing that the children named in the writ should be remanded to the custody of the father, the respondent.

It is insisted that the latter part of the order is irregular, because not embraced in the written consent, and a motion

is now made on the part of the relator, Mrs. Viele, that such part be stricken from the order.

There are sufficient reasons why the motion should not be granted.

1st. The father was *prima facie* entitled to the custody of the children. That is the rule of the common law. They were found in his custody. He was required to bring them into court, and, pursuant to its command, he produced them. Nothing appears tending to prove that his natural right as father was in any manner abridged. The relator, who sued out the writ, abandoned the claim which she made in that litigation, and consented that it be dismissed. It follows, as a matter of course, that the father, who had produced the children, was still entitled to their custody. The order declares nothing more than his natural right, upon the writ of *habeas corpus* being abandoned, and the proceeding dismissed.

The order does not constitute any bar to the rights of Mrs. Viele, whatever they may be, should she think proper, in the future, to assert them in this court. It clearly appears that the order is not an adjudication upon the merits, for nothing was heard or decided except upon the written consent; the rest of the order is merely a restoration of the custody of the children to the father, the court having previously assumed the control of them, pending the litigation, as *parens patriæ*. The court, by the latter part of the order, surrenders its control, and restores it to the father, whose right has been disturbed by its process.

Although the paragraph complained of was not necessary for the purpose of rehabilitating the respondent with parental authority, it was eminently proper that the persons produced under the writ should, on its dismissal, be remanded, as in criminal cases, to the custody in which they were found. This practice is invariably pursued on the dismissal of such a writ in criminal cases.

2d. It further appears that Mrs. Viele has improperly

Matter of Viele.

obtained the possession of at least one of the children, and has also the possession of another, by arrangement with her husband, and has now fled from the country, taking both of the children with her.

Whatever may be the affection of the mother, she is wrong in depriving these children of the protection of the father, of the benefit to be derived by an education in their native land, and of the social consideration belonging to his station in life. The advantages of her children should be the mother's chief consideration. She has disregarded their rights and paramount interests, as well as those of her husband. I think she has, by her conduct in improperly removing the children to a foreign country, renounced her right of applying to this court for any relief in the premises.

The motion is therefore denied.

An order to that effect was entered.